IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION -- KNOXVILLE

Christy Somers,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)　　No.　3:22-cv-152
　　　　　　　　　　　　　　　　　　)
Franklin Collection Service, Inc., a　)
Mississippi corporation,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　　　　)　　<u>Jury Demanded</u>

## COMPLAINT

Plaintiff, Christy Somers, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1.　　This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.　　Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

## PARTIES

3.　　Plaintiff, Christy Somers ("Somers"), is a citizen of the State of Tennessee, residing in the Eastern District of Tennessee, from whom Defendant attempted to collect a defaulted consumer debt, which she allegedly owed to AT&T.

4.　　Defendant, Franklin Collection Service, Inc. ("Franklin"), is a Mississippi corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted

consumer debts. Defendant Franklin operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Tennessee. In fact, Defendant Franklin was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Franklin is authorized to conduct business in Tennessee, and maintains a registered agent here, see, record from the Tennessee Secretary of State, attached as Exhibit A. In fact, Defendant conducts extensive business in Tennessee.

**FACTUAL ALLEGATIONS**

6. On December 18, 2019, Ms. Somers and her husband filed a Chapter 7 bankruptcy petition in a matter styled In re: Somers, E.D.Tenn.Bankr. No. 3:19-bk-33981-SHB. Among the debts listed on Schedule E/F of Ms. Somers' Bankruptcy Petition was a debt that she allegedly owed to AT&T, see, excerpt of Schedule E/F, attached as Exhibit B.

7. Accordingly, on December 20, 2019, AT&T was sent notice of the bankruptcy via electronic transmission by the Bankruptcy Noticing Center, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit C.

8. Moreover, on May 4, 2020, Ms. Somers received a discharge of her debts, and on May 5, 2020, AT&T was sent notice of the discharge via electronic transmission by the Bankruptcy Noticing Center, see, the Certificate of Service to the Order of Discharge, attached as Exhibit D.

9. Plaintiff's bankruptcy is also a matter of public record, is on her credit reports, is in the files of the creditor, and is readily discoverable by any competent debt

2

Case 3:22-cv-00152-TAV-DCP   Document 1   Filed 04/27/22   Page 2 of 6   PageID #: 2

collector via one of the bankruptcy "scrub" services.

10. Nonetheless, Defendant sent Ms. Somers a collection letter, dated July 28, 2021, demanding payment of AT&T debt she allegedly owed prior to the bankruptcy. A copy of this collection letter is attached as Exhibit E.

11. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, **deceptive**, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

12. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically, § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and demanding payment of a debt that a consumer has refused to pay, see, 15 U.S.C. § 1692(c)(c)

13. Moreover, to eliminate deceptive collection practices, § 1692e of the FDCPA prohibits the use of false and/or deceptive or misleading statements in connection with the collection of a debt, see, 15 U.S.C. § 1692e.

14. Ms. Somers had been informed by counsel and believed that she had the right to refuse to pay this debt, to demand that collection communications cease, and a right to privacy. Defendant's continued collection communications, after she had filed for bankruptcy, made Plaintiff believe that her exercise of her rights, through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA. Defendant's collection actions resulted in a direct invasion of Ms. Somers'

legally-protected right to be left alone, her right to privacy, and her right to collection communications that were not false, deceptive or misleading – rights granted to consumers under the FDCPA.

15. Defendant's actions caused Plaintiff to question whether her counsel had done their job, whether this debt was actually discharged in her bankruptcy, and whether she had the right to be left alone – all of which upset, emotionally distressed, outraged, and alarmed Ms. Somers.

16. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

17. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Harvey v. Great Seneca Fin.Corp., 453 F.3d 324, 328 (6th Cir. 2006); Cagayat v. United Collection Bureau, Inc., 952 F.3d 749, 757 (6th Cir. 2020).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed**

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A).

20. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004).

4

Case 3:22-cv-00152-TAV-DCP   Document 1   Filed 04/27/22   Page 4 of 6   PageID #: 4

21. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

24. Here, the bankruptcy and the notices issued by that court (Exhibits C and D), provided notice to cease communications and cease collections. By communicating directly with Ms. Somers regarding this debt and demanding payment (Exhibit E), despite her bankruptcy, Defendant violated § 1692c(c) of the FDCPA.

25. Defendant's violation of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Christy Somers, prays that this Court:

1. Find that Defendant's form collection letter violates the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

# JURY DEMAND

Plaintiff, Christy Somers, demands trial by jury.

                                                    Christy Somers,

                                                  By: s/ David J. Philipps
                                                  One of Plaintiff's Attorneys

Dated: April 27, 2022

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Cynthia T. Lawson  (Tenn. Bar No. 018397)
Cindy Lawson & Associates, P.C.
6704 Watermour Way
Knoxville, Tennessee 37912
(865) 938-0733
(865) 938-7931 (FAX)
cynthialawson@bbllawgroup.com